UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00253-ACL |
| | ) | |
| LAURA KATRINE ALBAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER FOR SUMMARY REMAND**

This matter is before the Court on defendant Laura Katrine Alban's Notice of Removal. [Doc. 1]. For the reasons stated below, defendant's request to remove the criminal case pending against her in the Circuit Court of Ripley County, Missouri to this Court is denied, and this action will be remanded.

## I. BACKGROUND

Defendant, a self-represented litigant and self-proclaimed sovereign citizen, is charged with a class A misdemeanor of resisting a lawful detention, a class B misdemeanor of failure to register a motor vehicle, and a class D misdemeanor of operating a motor vehicle without a valid license in the Circuit Court of Ripley County, Missouri. [Docs. 2, 2-2, 2-3]. Defendant failed to appear on the charges, and a warrant for failure to appear was issued. [Doc. 2-5]. She was subsequently arrested on the warrant, posted bond, failed to appear again, and another warrant for failure to appear was issued. *See State of Missouri v. Laura Katrine Alban*, Circuit Court of Ripley County, Missouri, case no. 26RI-CR00212.

On October 19, 2026, defendant filed the instant action requesting removal of her state criminal case to this Court. [Doc. 1]. She asserts that she "do[es] not accept a state court," that a law enforcement officer issuing a citation violates the Fourth, Fifth, and Fourteenth Amendments, that vehicle registration for private, non-commercial vehicles is voluntary under federal law and cannot be compelled by state law, that state laws are contractual in nature and she is not a party to the contract, and that the state court charges violate her right to travel under the Ninth Amendment. She seeks removal and dismissal of the charges.

## II. DISCUSSION

Federal law provides a procedure for removing both civil and criminal actions. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions) and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). Generally, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Under 28 U.S.C. § 1443, a defendant's state criminal case should remain in state court unless "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975).

To remove a case under § 1443, a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson*,

421 U.S. at 219 (internal quotation marks omitted). "Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights." *U. S. ex rel. Sullivan v. State*, 588 F.2d 579, 580 (8th Cir. 1978). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. "Further, removal is warranted only where it can be clearly predicted by reference to some formal expression of state law that the petitioner cannot enforce his rights in the state courts." *Sullivan*, 588 F.2d at 580. The "denial [must] be manifest in a formal expression of state law . . . such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Johnson*, 421 U.S. at 219 (internal citation omitted).

Defendant's removal allegations rely on her alleged status as a sovereign citizen. Although her birth certificate states she was born in the United States and her passport states she is a U.S. citizen, defendant claims she is a "US National Non-Resident Alien." [Doc. 1-1 at pp. 1,6, 22, 35] "Even those who voluntarily relinquish their citizenship are subject to, and must obey, federal, state, and local laws." *Missouri v. Bey*, 4:20-cv-197 JAR, 2020 WL 1032137, at *3 (E.D. Mo. Mar. 2, 2020). The terminology and phrases the defendant uses are the type often used by self-proclaimed sovereign citizens, which federal courts have summarily rejected as frivolous. *Id.*; *see also United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (stating the arguments of sovereign citizens "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."). As such, defendant's request that

her criminal action be removed from state court because she is outside the state court's jurisdiction is meritless.

Moreover, the allegations in the Notice of Removal do not demonstrate the denial of any right, much less demonstrate that her allegedly denied rights arose under a specific civil rights law stated in terms of racial equality, or that the Circuit Court of Ripley County cannot enforce her federal rights. As a result, this is not one of those rare cases that warrants removal. *See e.g., State of Missouri v. Gray-El*, 1:25-cv-00076-SNLJ, 2025 WL 1744923 (E.D. Mo. June 24, 2025) (dismissing defendant's request to remove ongoing criminal case for failure to meet § 1443 requirements).

Further, to the extent that defendant seeks injunctive relief under 42 U.S.C. § 1983, the claim must be denied. The Court notes that a request for injunctive relief over Missouri state officers seeking to stop prosecution of a criminal case should be construed as a mandamus pursuant to 28 U.S.C. § 1651. *Missouri v. Bey*, 4:20-cv-197 JAR, 2020 WL 1032137, at *3 (E.D. Mo. Mar. 2, 2020). Such an application is legally frivolous. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County,* 323 F.2d 485, 486 (8th Cir. 1963). The actions of the Missouri State Prosecuting Attorneys or Missouri State Court Judges are not within the jurisdiction of this Court. *See Middlebrooks*, 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D. Mo. 1981) (federal courts have no superintending control over and are without authority to issue a writ of mandamus to direct state court or its judicial officers in performing duties).

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Therefore, the Court remands this matter back to the Circuit Court of Ripley County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's request for removal is **DENIED** and the Notice of Removal is **VACATED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of Ripley County, Missouri, *State of Missouri v. Laura Katrine Alban*, case no. 26RI-CR00212.

**IT IS FURTHER ORDERED** that to the extent defendant seeks relief under 42 U.S.C. § 1983 those claims are **DENIED AND DISMISSED**.

**IT IS HEREBY CERTIFIED** that an appeal from this remand would not be taken in good faith.

**SO ORDERED** this 12th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE